UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LANDRY DIXON | * | CIVIL ACTION |
| VERSUS | * | NO. 22-46 |
| VETERANS AFFAIRS ADMINISTRATION, ET AL. | * | SECTION "T" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Landry Dixon filed his most recent complaint on March 2, 2022 along with an Ex Parte/Consent Motion for Leave to Proceed *in forma pauperis*. ECF Nos. 5, 6. Plaintiff's *in forma pauperis* application included sufficient information to enable the Court to determine that he is unable to pay fees in this matter, as required by 28 U.S.C. § 1915. Accordingly, that request was granted. ECF No. 7, at 1–2.

Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily-mandated review. ECF No. 7, at 2. This March 9, 2022 Order required Plaintiff to show cause, on or before Wednesday, April 13, 2022, why his Complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2). *Id*. at 5. The Order further directed Plaintiff to file a written response stating his position and setting forth the specific facts to support his cause(s) of action against each named defendant, the basis of federal jurisdiction over each claim against each named defendant, and the basis for this court's exercise of personal jurisdiction over each named defendant. *Id.* The Order further advised Plaintiff that his failure to respond in writing as directed may result in a recommendation of dismissal of his Complaint. To this date, Plaintiff has not responded to this Court's Show Cause order.

1

**I.  PLAINTIFF'S CLAIMS**

As summarized in this Court's Show Cause Order, Plaintiff names the Veterans Affairs Administration ("VA"), one individual and lists several unnamed adult/male persons. ECF No. 5, at 1. He states that he has attempted to persuade members of the Southeast Louisiana VA since January 2021 to terminate its affiliation with a US bank, Banc Corp, due to alleged fraudulent activities raised by plaintiff in two pending cases filed in the Eastern District of Louisiana, Civil Action Nos. 21-1268 and 21-1924. *Id.* at 1–2. Dixon requests $25 billion dollars per year for ten consecutive years as punitive damages to the nonprofit of Plaintiff from the "DOD Corporate Defendant, Veterans Affairs Administration." *Id.* at 3.

Plaintiff further alleges he made a "person-to-administrative" contact at the VA Regional Office with a Mr. Mike Strong who informed the Plaintiff that "it was indeed a mystery to this Office Strong as to just why the person of this elderly American veteran, Landris Dixon had been having his US bank directly-deposited funds withheld for more than eight (8) months for no known reason or rationale." *Id.* at 2. Plaintiff continues to discuss his affiliation and association with corporate and human defendants who had "general religious habit of sharing at least two, core, biblical truths" and states that he has suffered "elder neglect and elder abuse, in direct contravention of our first constitutional human right/the First U.S. Amendment." *Id.* at 3. Under the broadest reading to be afforded *pro se* complaints,[1] Plaintiff's complaint reflects only conclusory and fanciful facts, as well no basis for jurisdiction of this Court over the Veteran Administration's dealings with a third-party entity.

---

[1] *Moore v. McDonald*, 60 F.3d 616, 620 (5th Cir. 1994) (citation omitted) (stating a *pro se* complaint must be liberally construed).

**II.      APPLICABLE LAW AND ANALYSIS**

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face.*[2] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[3] Indeed, the statute specifically mandates that the court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."[4] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[5]

A claim is frivolous when it lacks an arguable basis in law or in fact.[6] A claim lacks an arguable basis in law if it is "'based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[7] A court may not dismiss a claim simply because the facts are "unlikely."[8] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[9] A complaint fails to state a claim on which relief may be granted

---

[2] *See Startii v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 536–37 (2015).
[3] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1 (E.D. La. Feb. 3, 2011), *R & R adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[4] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) ("A district court must sua sponte dismiss an IFP complaint . . . [if] the action is frivolous or malicious, fails to state a claim upon which relief can be granted . . . .").
[5] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.").
[6] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[7] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quotation omitted).
[8] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).
[9] *Id.*

when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[10]

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[11] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation,"[12] and naked assertions devoid of further factual enhancement will not suffice to demonstrate a short and plain statement of the claim showing that the pleader is entitled to relief. Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[13] Plaintiff's complaint contains no more than conclusory and fanciful facts and does not assert any law in support of the request to have the VA end its relationship with a third-party entity due to a pending lawsuit alleging fraudulent activities committed by the bank against the Plaintiff. Further, the Court is unaware of any legal basis to preclude a governmental agency from dealing with a bank based on claims in a pending, unresolved civil proceeding. The rest of Plaintiff's complaint likewise fails to meet the requirements of Fed. R. Civ. P. 8.

### III. CONCLUSION

Plaintiff's Complaint is subject to summary dismissal under § 1915(e)(2)(B) as frivolous and/or failure to state a claim. Despite being advised that his failure to respond could result in

---

[10] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[11] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Housing Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R & R adopted*, 2012 WL 700625 (E.D. La. Feb. 29, 2012).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555–57).
[13] *Mills v. Crim. Dist. Crt. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (noting that even liberally construed *pro se* complaints must alleged facts to establish a colorable claim, and conclusory allegations are insufficient).

summary dismissal of his Complaint, Plaintiff has failed to comply with this Court's order to show cause, and Plaintiff has not filed a written statement setting forth the specific facts supporting his cause(s) of action against each named defendant, the basis of federal jurisdiction over each claim against each named defendant, and the basis for this court's exercise of personal jurisdiction over each named defendant.

## IV.  RECOMMENDATION

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous under 28 U.S.C. § 1915(e)(2).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[14]

New Orleans, Louisiana, this 12th day of May, 2022.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[14] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).